[No. 22586. Department Two. July 22, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Snoboy-Pacific Distributors, Plaintiff*, v. THE SUPERIOR COURT FOR ASOTIN COUNTY, *et al., Respondents.*[1]

*Adams & Driver*, for relator.

*Cox & Martin*, and *Rummens & Griffin*, for respondents.

[1]Reported in 290 Pac. 331.

FULLERTON, J.—This proceeding is before us on an application, made originally in this court, for a writ of prohibition.

The facts giving rise to the proceeding are, in substance, these: The respondent John Bloodsworth is a resident of Asotin county, engaged in the business of growing fruit, having his orchards in the county named. The petitioner, Snoboy-Pacific Distributors, is a corporation engaged in the business of selling fruit for growers on consignment. Its principal place of business is at Seattle, in King county.

In January, 1929, the respondent began an action against the petitioner in the superior court of Asotin county to recover the value of certain apples which he alleged he had consigned to the petitioner for sale under a contract entered into in Asotin county with the petitioner, and for which the petitioner had accounted only in part. In due time, the petitioner gave notice of its appearance in the action, and moved the court for a change of venue to King county. The respondent resisted the motion, and numerous affidavits were filed by the respective parties in support of, and in opposition to, the motion. The trial court, at the hearing, refused to grant the motion, and the writ sought in this court is a writ prohibiting the trial court from proceeding further in the cause than to grant the change of venue.

The statute relating to the venue of actions (Rem. 1927 Sup., § 205-1), reads as follows:

"An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this act, the residence of a corporation defendant shall be deemed to be in any county where the corporation transacts business or has an office for the transaction of business or transacted business at the

time the cause of action arose or where any person resides upon whom process may be served upon the corporation, unless hereinafter otherwise provided.''

Under the statute, it will be observed, the petitioner is suable in the county of Asotin only in the case that one or more of the following conditions is found to exist: (1) That it transacts business in that county; (2) that it has an office therein for the transaction of business; (3) that it transacted business therein at the time the cause of action arose; or (4) that some person resides therein ''upon whom process may be served upon the corporation.''

The motion of the petitioner was based upon the ground that neither of the stated conditions applied to its situation. In the affidavits filed with the motion, it denied that it transacts business in Asotin county, denied that it had an office therein for the transaction of business, denied that it transacted business therein when the alleged cause of action arose, and denied that any person resided therein on whom process against it could be served. In his answering affidavit, the respondent did not dispute the first, second and fourth of these conditions. He relied on the third of the conditions to maintain the action in Asotin county. His affidavits tended to show that the petitioner, through its duly authorized agent, came into Asotin county while his fruit crop was maturing, and there entered into a contract with him to take his fruit on consignment, sell it to the best advantage possible, and account to him in Asotin county for the proceeds of the sale, deducting only its reasonable charges for the service; further contending that he did deliver his fruit to the petitioner in pursuance of the contract, and that the petitioner did not account to him for the fruit it received.

The petitioner filed affidavits in reply to those filed

by the respondent. In these it denied the contract alleged by the respondent, and denied that it received for sale, or sold for the respondent, any of his fruit. It averred affirmatively, that the respondent consigned his fruit for sale to another corporation, and that, if it sold any of his fruit at all, it sold it under consignment by that corporation, and that it fully accounted to that corporation for all fruit it received on consignment from it. Respondent filed rebuttal affidavits denying the affirmative matters. The trial court heard the motions wholly upon these affidavits; no oral testimony was offered or received at the hearing.

From the foregoing, it is apparent that the question here presented is not the usual question presented where an individual defendant is sued in a county other than the county of his residence, and asks to have the place of trial removed to the county of his residence. In the latter instances, especially in transitory actions, the question involved is usually only one of residence; that is to say, the inquiry is in what county does the defendant reside. But it is not so where a corporation is the defendant, and asks for a removal on the ground of residence. The legislature, as we have noted above, has not seen fit to place a corporation defendant in this respect on a plane with an individual defendant, but has given it special exemptions not accorded to the individual defendant. It cannot be sued in any county in the state as can an individual, but can be sued only in designated counties not usually or entirely dependent upon its place of residence. So that, when it is sued in a county other than the county of its residence, the question involved is not one of residence merely, but is rather, can the defendant be sued in the county in which the action is commenced under any of the rules the statute has prescribed.

This question may present one of the principal is-

sues to be determined in determining the defendant's liability. In this instance, the question does present one of the principal issues in the cause. If the petitioner's contentions be true, it is not liable, whether sued in the county of the alleged contract or sued in any other county of the state. On the other hand, if the respondent's contention be true, the petitioner is suable in the county in which the action was commenced, since that is the county in which the petitioner transacted the business which gave rise to the cause of action. In other words, it presents an issue which, if determined conclusively in favor of the petitioner, determines the action in its favor.

It may be that, if the proofs on the issue presented preponderated strongly in favor of the petitioner and were correspondingly weak in favor of the other side, the court would not compel it to defend in the county in which it was sued, even though it left the final determination of the question to the triers of the fact. But the proofs here, as we read the record, do not thus strongly preponderate. They consist principally of averments on one side and denials on the other, with no such showing of circumstances as to make the one contention more probable than the other.

The record presenting this situation, we feel constrained to concur in the holding of the trial court. However, in so concurring, it must not be understood that we adopt the view of the respondent, and hold that there was a contract entered into such as that for which he contends. This question must be left open to the petitioner. It must be permitted to raise the question in its answer, if it so desires, and have the issue determined on the trial by the trier of the fact.

The application is denied.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.