[Nos. 36876, 36886.   Department Two.   September 24, 1964.]

LORRAINE T. BAKER, *Individually and as Executrix, Respondent,* v. HELEN M. HILTON, *as Executrix, Petitioner.* RALPH MILNE, *Respondent,* v. HELEN M. HILTON, *as Executrix, Petitioner.*\*

*Palmer, Willis & McArdle* and *Norbert F. Knecht,* by *Fred C. Palmer,* for petitioner.

*Lawrence M. Ross* (of *Johnson, Griffin, Boyle & Ross*), for respondent Baker.

FINLEY, J.—Petitioner seeks certiorari to review the denial of a motion for a change of venue from Pierce County to Yakima County in a suit arising from an intersection automobile collision in Yakima County in which three persons were killed. A total of five suits arising out of this

\*Reported in 395 P. (2d) 486.

collision have been filed, three in Yakima County and two in Pierce County. This appeal concerns one of the Pierce County lawsuits. The defendant, petitioner herein, is the executrix of the estate of one driver, and the plaintiff is the executrix of the estate of a passenger in that driver's car. Both of the decedents and the two executrices resided in Pierce County.

The plaintiff originated this action in Pierce County, where the defendant resided, as permitted by our venue statute, RCW 4.12.020. The defendant sought to change the venue to Yakima County under RCW 4.12.030(3), which allows such a change for the convenience of witnesses or to forward the ends of justice, and it is argued that trial in Yakima County would be more convenient to witnesses, would avoid multiplicity of suits, and would permit a jury view. The affidavit accompanying the motion listed three eyewitnesses who resided in Yakima County, and stated that two of them were earning between $30 and $50 a day, which made it costly for them to come to Pierce County for trial. The defendant listed four other witnesses located in Yakima who could be used in the trial. The affidavit also listed a Yakima engineer who made the plat of the intersection; also, a Yakima photographer.

The plaintiff countered that the defendant had used only one of the named eyewitnesses in the suits arising from the collision which had already gone to trial in Yakima County. The plaintiff also stated that he had two adult and three minor witnesses, all residents of Pierce County, whom he intended to use; and that he would also need the former accountant of decedent and another witness, both of Pierce County, to testify in respect to decedent's business and the profits lost by the loss of the decedent's services. The trial court ruled for the plaintiff and denied the motion for a change of venue to Yakima County.

▮▮ Where the relevant statute provides several places where venue may be proper, the choice lies with the plaintiff in the first instance. When the defendant seeks to change the venue, the matter lies within the discretion of the trial court and is reviewable only for an abuse of that discretion.

Concerning proper venue, an "abuse of judicial discretion is not shown unless the discretion has been exercised upon grounds, or to an extent, clearly untenable or manifestly unreasonable." *State ex rel. Beffa v. Superior Court* (1940), 3 Wn. (2d) 184, 100 P. (2d) 6. We are not persuaded to rule as a matter of law that the decision in this case was "manifestly unreasonable." It is proper for the trial judge to consider the distances which the witnesses would be required to travel in passing on a motion for change of venue under RCW 4.12.030(3). *State ex rel. Schmidt v. Nevins* (1935), 180 Wash. 356, 39 P. (2d) 990. Here, the trial judge could have considered this an instance where a fairly even division of convenience existed between the witnesses needed by each side. In fact, in this day of modern and rapid travel, convenience of witnesses becomes relative, and becomes especially a matter to be resolved by the trial judge, who, in the exercise of his discretion, may consider and evaluate the multitude of considerations involved.

The trial court may have concluded that a jury would not require a view of the intersection for an adequate understanding of the case, especially when a model was available, and the defendant did not request a jury view of the scene in the cases already tried in Yakima. The trial court could also have found, within its discretion, that a change of venue would not necessarily avoid multiple suits. The Yakima cases involved different parties, and further joinder might have increased the complexity of those suits.

The legislature has placed the matter of a change of venue within the sound discretion of the trial court, and, in the absence of clear abuse of that discretion, this court will not interfere with the handling of trial matters. As no abuse of discretion has been shown, the writ should be dismissed. It is so ordered.

OTT, C. J., DONWORTH, WEAVER, and HAMILTON, JJ., concur.