[No. 37796.    Department One.    December 10, 1964.]

PAUL ISHO, *Respondent*, v. DR. THOMAS A. ANGLAND; *Petitioner.**

\*Reported in 397 P. (2d) 422.

*Leo C. Kendrick* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for petitioner.

*Howard W. Hedgcock*, for respondent.

PER CURIAM.—This is an action for the recovery of damages arising from a motor vehicle accident. The accident occurred in Lewis County; the defendant lived in Yakima County.

The plaintiff, being a resident of King County and his medical witnesses residing therein, commenced the action in that county because (in his opinion) it would be the only logical and proper place to try the action.

A defendant ordinarily has the right to have a transitory action commenced against him in the county of his residence;[1] but RCW 4.12.020(3)[2] gives a plaintiff the option—in an action for the recovery of damages arising from a motor vehicle accident—of bringing the action in the county in which the accident occurred, or in the county in which the defendant resides.

■ The plaintiff having failed to exercise either option given him by RCW 4.12.020(3) and having commenced the action in King County without any vestige of statutory authority for that choice, the defendant had a right to have the venue changed to the county of his residence. Among the cases forcefully reiterating that right are: *State ex rel. Nielsen v. Superior Court* (1941), 7 Wn. (2d) 562, 115 P. (2d) 142; *Joski v. Short* (1939), 1 Wn. (2d) 454, 96 P. (2d)

[1]RCW 4.12.025. See cases cited in footnote 7, *Russell v. Marenakos Logging Co., Inc.* (1963), 61 Wn. (2d) 761, 768, 380 P. (2d) 744.

[2]"Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

"(1) . . .

"(2) . . .

"(3) For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident; plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action." RCW 4.12.020(3)

483; *State ex rel. DeLape v. Superior Court* (1930), 156 Wash. 302, 286 Pac. 851; and *Leopold v. Livermore* (1921), 115 Wash. 481, 197 Pac. 778.

However, the defendant not only moved for a change of venue to Yakima County as a matter of right, but also moved for such a change on a further ground: That the convenience of witnesses and the ends of justice would be forwarded by the change.[3]

The plaintiff filed a counter motion supported by affidavits, urging that the convenience of witnesses and the ends of justice required that the case be tried in King County.

The Superior Court of King County, taking the position that the defendant had moved for a change of venue on the latter ground, which in the final analysis is the ultimate issue in determining venue, held that the convenience of witnesses and the ends of justice would be forwarded by having the trial in King County and denied the defendant's motion for a change of venue to Yakima County.

The defendant has secured a writ of certiorari to review that ruling. (See *Russell v. Marenakos Logging Co., Inc., supra.*)

The ruling must be reversed. It may well be that, in the final analysis, the convenience of witnesses or the ends of justice will require that this action be tried in King County, but the defendant has the right to have the superior court of the county of his residence make that determination. (There exists, as we have pointed out, a statutory limitation on that right in this type of action, and it could have been brought against the defendant in Lewis County (RCW 4.12.020(3)). In that event, the superior

---

[3]"Grounds authorizing change of venue. The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

"(1)  . . .

"(2)  . . .

"(3) That the convenience of witnesses or the ends of justice would be forwarded by the change;  . . ." RCW 4.12.030. (This statute is quoted in full in footnote 2 in *Russell v. Marenakos Logging Co., Inc., supra.*)

court of that county would have made the determination as to whether there should be a change of venue for the convenience of witnesses.)

The plaintiff urges that all of our decisions prior to 1941, holding that the defendant had a right to have an action commenced against him in the county of his residence, should be disregarded because of the amendment to our venue statute in that year.[4] That statute simply amended Rem. Rev. Stat. § 205 (now RCW 4.12.020(1) and (2)) by adding a third type of action to the two then specified in the statute which were to be tried (or at least commenced) in the county where the cause of action arose. The 1941 amendment in no way affects the reasoning of the cases theretofore decided involving a change of venue to serve the convenience of witnesses or the ends of justice.

The defendant, having moved for a change of venue to which he was entitled as a matter of right, did not waive that right by including another ground which invoked the discretion of the trial court. *Andrews v. Cusin* (1964), *ante* p. 205, 396 P. (2d) 155; *State ex rel. Owen v. Superior Court* (1920), 110 Wash. 49, 187 Pac. 708.

The Superior Court of King County is directed to grant the defendant's motion for a change of venue to Yakima County.

---

[4]"AN ACT relating to venue in court actions; amending section 48 of the Code of 1881 (section 205 of Remington's Revised Statutes).

"*Be it enacted by the Legislature of the State of Washington*:

"SECTION 1. Section 48 of the Code of 1881 (section 205 of Remington's Revised Statutes) is amended to read as follows:

"Section 205. Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

"1. . . .

"2. . . .

"3. For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action." Laws of 1941, chapter 81, p. 203.