[No. 18798-8-I.   Division One.   July 6, 1987.]

SHEILA ROY, *Individually and as Guardian, Respondent,* v. THE CITY OF EVERETT, ET AL, *Petitioners.*

370

*Mark T. Patterson,* for petitioners.

*Peter K. Mair, Mair, Abercrombie, Camiel & Rummonds,* and *Katrina C. Pflaumer,* for respondent.

WILLIAMS, J.—Sheila Roy, individually and as guardian for her daughter, brought this action to recover damages for personal injuries sustained when Milton Glenn assaulted them and then killed himself. Named as defendants were the City of Everett, five Everett police officers, in both their individual and official capacities, Snohomish County, three Snohomish County prosecutors and the estate of Glenn. The complaint is based on theories of negligence, failure to perform duties under the domestic violence act, denial of equal protection, denial of federal civil rights and assault. Roy filed the complaint in King county. Motions by all of the defendants for change of venue to Snohomish County were denied "because of the possibilities of prejudice in Snohomish County." The City of Everett and the police officers petitioned for discretionary review, which we granted.

The following statutes apply:

For the plaintiff—RCW 36.01.050, which provides:

All actions against any county may be commenced in the superior court of such county, or of the adjoining county, . . .

For all of the defendants—RCW 4.12.025(1), which provides:

An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action.

For the police officers in their official capacities—RCW 4.12.020, which provides:

Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

. . .

(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer;

The general change of venue statute, RCW 4.12.030, also applies. It reads:

The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:
(1) That the county designated in the complaint is not the proper county; or,
(2) That there is reason to believe that an impartial trial cannot be had therein; or,
(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; . . .

When an action is brought in the wrong county, CR 82(b) applies. It provides:

If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant, pursuant to the provisions of rule 12, requests that the trial be held in the proper county and files an affidavit of merits.

The City of Everett and the police officers have the right to have the action against them commenced in Snohomish County, the county of their residence. *Russell v. Marenakos*

*Logging Co.,* 61 Wn.2d 761, 765, 380 P.2d 744 (1963). The officers also have that right under RCW 4.12.020(2). *See State ex rel. McWhorter v. Superior Court,* 112 Wash. 574, 192 P. 903 (1920). Roy has no right to sue them in King County. That being the case and these defendants having demanded that the trial be had in Snohomish County, the action against these defendants should be transferred there. *See Isho v. Angland,* 65 Wn.2d 375, 397 P.2d 422 (1964).

■ Roy argues that Everett and the police officers do not dispute the trial court's determination that the ends of justice would be promoted by having venue in King County and, if the action would be tried in King County anyway, commencing the action there was proper. In *Isho,* the court recognized the validity of this argument, but held that a defendant has the right to have a court of the county of proper venue make that determination. The court said:

> It may well be that, in the final analysis, the convenience of witnesses or the ends of justice will require that this action be tried in King County, but the defendant has the right to have the superior court of the county of his residence make that determination.

*Isho,* at 377.

■ Roy also argues that because she can sue Snohomish County in King County, other properly joined defendants can also be sued there. *Howe v. Whitman Cy.,* 120 Wash. 247, 251–52, 206 P. 968, 212 P. 164 (1922); *State ex rel. King Cy. v. Superior Court,* 104 Wash. 268, 176 P. 352 (1918). These cases concern a common law rule giving the joined defendant the right to be sued in one county and a statute requiring the plaintiff to bring the action in another county. Inasmuch as Washington has no common law rules of procedure, the statute must control. *State ex rel. King Cy.,* at 272–74. RCW 4.12.020, not a common law rule, gives Everett and the police officers the right to be sued in Snohomish County, and RCW 36.01.050 does not require Roy to commence this action in King County.

The order denying Everett's and the police officers' motion for change of venue is vacated, and the action as to

them is transferred to Snohomish County.

SCHOLFIELD, C.J., and WEBSTER, J., concur.