[No. 40587-0-I.    Division One.    April 6, 1998.]

JON HICKEY, ET AL., *Respondents*, v. THE CITY OF BELLINGHAM, *Petitioner.*

*Joan E. Hoisington, City Attorney*; and *James P. Wagner* and *Scott D. Bissell* of *Stafford Frey Cooper*, for petitioner.

*Douglas R. Shepherd* of *Shepherd, Abbott & Woodall*; and *Gregory L. Kosanke* and *James J. Wright* of *Smith & Kosanke*, for respondents.

BECKER, J. — Plaintiffs Jon Hickey and George Dooley suffered injuries when the Bellingham water line on which they were working burst. At the time of their injury, they were employed by a company that had contracted with the City of Bellingham to replace the water main. The water main originally had been installed by Henifin & Associates, a construction company based in Whatcom County that also does business in Skagit County. The plaintiffs sued in Skagit County, where Henifin transacted business, and joined the City of Bellingham, which is located in Whatcom County. Bellingham claims the case belongs in Whatcom

County, under a statute governing trial of actions against a "public officer." We hold the "public officer" provision inapplicable in these circumstances, and affirm the decision to keep the case in Skagit County.

Plaintiffs, who both live in Whatcom County, pleaded the Skagit court was an appropriate venue for the case because Henifin was a resident of Skagit County by virtue of the business it transacted there, and RCW 4.12.025 authorizes venue in the county where any one defendant resides. Before answering, Bellingham moved for dismissal in both cases under CR 12(b) for lack of personal and subject matter jurisdiction. In support of the City's motion, an attorney for the City declared: (1) that all parties to the case are residents of Whatcom County; (2) that the contracts with Henifin and the plaintiffs' employer were entered into in Whatcom County; (3) that the work performed pursuant to the contracts was performed in Whatcom County; and (4) that the incident giving rise to the litigation occurred in Whatcom County. As an alternative to dismissal, the City requested a change in venue to Whatcom County.

The trial court in Skagit County denied Bellingham's motions for dismissal or change in venue. The cases were subsequently consolidated, and we will refer to both plaintiffs as Hickey. This court granted Bellingham's petition for discretionary review. We must determine whether this case can go forward in the Skagit court.

## COMMON-LAW RULE

Bellingham relies in part on the common-law rule that a municipal corporation is amenable to suit only in the county in which it is situated. That rule was examined and applied in 1892 by our Supreme Court in *City of North Yakima ex rel. Whitson v. Superior Court.*[1] In that case King County sued the City of North Yakima in the King

---

[1] *City of North Yakima ex rel. Whitson v. Superior Court,* 4 Wash. 655, 30 P. 1053 (1892).

County Superior Court, and North Yakima petitioned the Supreme Court to prohibit the lower court from proceeding. The county contended the common-law rule, under which the suit could not go forward, had been replaced by legislative enactments such as the statute making municipal corporations subject to suit the same as a natural person.[2] The Supreme Court rejected that contention, holding in the absence of specific legislation on the subject that the King County court lacked personal jurisdiction over North Yakima.

In 1918, the Supreme Court essentially overruled *North Yakima* in *King County v. Superior Court*.[3] The case involved an action brought against King County for damage to real property situated in Pierce County. King County, relying on *North Yakima*, contended the common-law rule must govern in the absence of a statute expressly authorizing a county to be sued beyond its own boundaries.[4] The court rejected that contention, holding the issue was merely one of venue. As such, the issue was procedural and controlled by statute. When municipal corporations became subject to suit the same as an ordinary party litigant, they became answerable under the general rules governing procedure in the superior courts. The court therefore allowed the suit against King County to go forward in Pierce County. The Supreme Court followed *King County*, and again rejected *North Yakima*, in deciding *Howe v. Whitman County* in 1922.[5] In *Howe*, an automobile passenger died when the car in which he was traveling overturned on a Whitman county road. His survivors sued the county and the driver (who resided in Spokane County) in Spokane County. Whitman County challenged the Spokane court's jurisdiction. The Supreme Court, speaking in terms of subject matter jurisdiction, rejected the challenge and ap-

[2]*City of North Yakima*, 4 Wash. at 658.

[3]*King County v. Superior Court*, 104 Wash. 268, 271, 176 P. 352 (1918).

[4]*Id.* at 274.

[5]*Howe v. Whitman County*, 120 Wash. 247, 252, 206 P. 968 (1922).

plied the statute permitting suit where any of the defendants resides:

> There having been a *bona fide* defendant residing in Spokane county, who was served with process there, the superior court of Spokane county drew jurisdiction to it to try the case against the codefendant charged with the tort, although that codefendant was a public corporation. . . . We therefore conclude that the superior court of Spokane county had jurisdiction to try and determine the cause as against appellant Whitman county.[6]

As was discovered years later in *Briedablik v. Kitsap County*,[7] there is—and has been since before the time of statehood—a statute specifically governing the appropriate venue for suits against a county. That statute, RCW 36.01.050, provides that actions against a county may be commenced in the superior court of the defendant county, or in the superior court of an adjoining county. Due to an omission in codification, nobody brought that statute to the court's attention in *King County* or *Howe*.[8] Thus, the result in *King County* was correct, but in light of the overlooked statute the analysis was wrong. The action brought against King County in Pierce County was proper "only because Pierce County adjoins King County and not because the alleged injury occurred in Pierce County."[9] The same could be said for *Howe* because Whitman County adjoins Spokane County.[10]

*King County* and *Howe* are still good law in terms of their rejection of the common-law rule that cities cannot be

---

[6]*Howe*, 120 Wash. at 252.

[7]*Briedablik, Big Valley, Lofall, Edgewater, Surfrest, N. End Community Ass'n v. Kitsap County*, 33 Wn. App. 108, 115-16, 652 P.2d 383 (1982), *overruled on other grounds by Save Our Rural Env't v. Snohomish County*, 99 Wn.2d 363 (1983).

[8]*Briedablik*, at 116.

[9]*Id.*

[10]Because *Howe v. Whitman County* involved an automobile accident, which is subject to a specific venue statute, a different analysis might apply. *See* RCW 4.12.020(3); *Cossel v. Skagit County*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992).

sued in the courts of foreign counties. That rule, whether interpreted as one limiting the jurisdiction of courts, or designating the venue of certain suits, has been replaced by statutory enactments. We must look to the general venue statutes in RCW 4.12 to determine whether this case can go forward in Skagit County.

## VENUE STATUTES

■ There is no special statute analogous to RCW 36.01.050 designating venue for suits against cities. Hickey thus contends the applicable statute in this case is the general venue statute, RCW 4.12.025, which requires that an action be brought in a county where at least one of the defendants resides:

> (1) An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this section, the residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business . . . .
>
> (2) The venue of any action brought against a corporation, at the option of the plaintiff, shall be: . . . (d) in the county where the corporation has its residence.

Henifin transacts business, and therefore resides, in Skagit County. Because one defendant resides in Skagit County, Hickey contends, he may bring his action there against all defendants, including Bellingham. The Supreme Court has endorsed similar arguments in the past in cases where a municipal corporation is one of several defendants.[11] The issue, then, is whether a more specific statute requires a different result in this case.

■ ■ Bellingham proposes that RCW 4.12.020 is a

---

[11]*Frank Coluccio Constr. Co. v. Kitsap County Sewer Dist.*, 52 Wn.2d 776, 779, 329 P.2d 189 (1958). *See also State ex rel. Snoboy-Pacific Distribs. v. Superior Court*, 158 Wash. 7, 8-9, 290 P. 331 (1930); *Northern Pac. Ry. Co. v. State*, 144 Wash. 505, 508, 258 P. 482 (1927).

specific statute applicable in the present case. RCW 4.12.020(2) provides for venue in the county where the action arose if the suit is:

> Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer[.]

Bellingham argues this case must be tried in Whatcom County because the action arose there and was, in effect, a suit against a public officer.

No public officers are defendants in this case.[12] But RCW 4.12.020(2) also expressly applies to a cause "against a person who, by his command or in his aid, shall do anything touching the duties of such officer." Bellingham contends the term "person" in that clause includes a municipal corporation. According to Bellingham, the City's acts of paying its employees and defining their jobs can be understood as conduct touching the duties of its public officers and in aid of those officers.

This is a very strained reading of the statute. The provision for suits against "a public officer . . . or against a person who, by his command or in his aid, shall do anything touching the duties of such officer" is concerned with suits alleging official misconduct, which necessarily are against the officer or his or her delegees.[13] We think it unlikely the Legislature would choose such an elaborate circumlocution if it had intended to enact a special venue rule for suits against cities, municipal corporations, or public employers generally.

In support of its theory that the "public officer" venue provision applies whenever a municipal corporation is a de-

---

[12]Although Hickey originally named Bellingham employees as defendants, he dismissed all individual defendants after the City conceded that all employees were acting as agents of the City.

[13]*See State v. Liewer,* 65 Wn. App. 641, 645, 829 P.2d 236 (1992) (definition of "public officer" is an officeholder who "performs a public function and in so doing is vested with the exercise of some sovereign power of government . . . .") (quoting RCW 9A.04.110(13)).

718

fendant, Bellingham relies on the result in *Roy v. City of Everett.*[14] In that case Roy sued the City of Everett (located in Snohomish County), five Everett police officers, Snohomish County, three Snohomish prosecutors, and an estate. Roy commenced her suit in King County. The trial court denied defendants' motions to transfer venue to Snohomish County. On discretionary review before this court, Roy argued that because her suit against Snohomish County "may be commenced" in adjoining King County under RCW 36.01.050, other properly joined defendants could also be sued in King County. The court rejected that argument, stating in its concluding remarks that RCW 4.12.020(2) "gives Everett and the police officers the right to be sued in Snohomish County"[15] and RCW 36.01.050 does not require Roy to commence her action in King County.

Bellingham's reliance on the *Roy* court's remark that RCW 4.12.020(2) gives Everett the right to be sued in Snohomish County is misplaced. Earlier in its analysis in *Roy*, the court observed that both Everett and Everett's officers had a right to have the action against them commenced in Snohomish County under RCW 4.12.025 because it was their county of residence.[16] The court identified RCW 4.12.020(2) as additional support for that proposition as applied to the officers in their official capacity, but *not* as applied to the defendant City of Everett. The court's concluding statement that "RCW 4.12.020, not a common law rule, gives *Everett and* the police officers the right to be sued in Snohomish County"[17] was inconsistent with the court's earlier analysis. The statutory rule making the City of Everett subject to suit in Snohomish County, as shown earlier in the *Roy* opinion, was RCW 4.12.025, which is the same general venue statute on which Hickey relies in the

---

[14]*Roy v. City of Everett*, 48 Wn. App. 369, 738 P.2d 1090 (1987).

[15]*Id.* at 372.

[16]*Id.* at 371.

[17]*Id.* at 372 (emphasis added).

present case. We regard the reference to Everett in connection with RCW 4.12.020 as an inadvertence and unnecessary to the decision in *Roy*. Finding no support in *Roy* for the argument that suits against cities are governed by the "public officer" venue statute, we reject it as a strained and unnatural reading of the statute.

The court in *Roy* was able to rule that Everett had a right to have the action commenced against it in Snohomish County only because there were no defendants in that case who resided outside of Snohomish County.[18] Thus, if none of the defendants in the present case resided outside Whatcom County, Bellingham could insist under RCW 4.12.025 that the action be tried in Whatcom County. But since there is a defendant with a Skagit residence, it is not inconsistent with *Roy* to allow the suit to proceed in either county, at the plaintiffs' option. As a properly joined defendant in Skagit County, Bellingham must defend there unless it can persuade the court to transfer venue to Whatcom County.

## CHANGE IN VENUE

A trial court may transfer venue when "the convenience of witnesses or the ends of justice would be forwarded by the change".[19] In considering a motion to transfer venue, the court may consider the distances various witnesses would be required to travel, but may also consider the relative importance to be given to travel considering the efficiency of available transportation facilities.[20] The matter lies within the discretion of the trial court, and is reviewable only for abuse of discretion.[21]

Bellingham says the witnesses for both sides reside

---

[18]Because the *Roy* plaintiffs also sued Snohomish County, *Roy*'s analysis as it pertains to RCW 36.01.050 is questionable in light of the Supreme Court's subsequent decision in *Cossel v. Skagit County*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992).

[19]RCW 4.12.030(3).

[20]*Baker v. Hilton*, 64 Wn.2d 964, 395 P.2d 486 (1964).

[21]*Id.* at 965.

in Whatcom County. Hickey says witnesses may come from King County and Skagit County. While refusing to transfer venue immediately, the trial court indicated the motion may be subject to reconsideration after more discovery has been conducted. This was a reasonable ruling, and we find no abuse of discretion in the court's refusal to transfer venue to Whatcom County at this stage in the proceedings.

Affirmed.

AGID, A.C.J., and COLEMAN, J., concur.

Review denied at 136 Wn.2d 1013 (1998).