[No. 28394-8-II.   Division Two.   August 5, 2003.]

CARL J. HATLEY, ET AL., *Petitioners*, v. SABERHAGEN HOLDINGS, INC., *as Successor*, ET AL., *Respondents*.

---

*Matthew Bergman* and *David S. Frockt* (of *Bergman Senn Pageler & Frockt*), for petitioners.

*Katherine M. Steele* and *Jennifer A. Tran* (of *Stafford Frey Cooper*); *Steven D. Robinson* (of *Karr Tuttle Campbell*); *Howard "Terry" Hall* (of *Wolfstone Panchot & Bloch, P.S.*); and *Timothy K. Thorson* (of *Carney Badley Spellman*), for respondents.

HOUGHTON, J. — Patricia Hatley, individually and as a personal representative of the estate of Carl Hatley (collectively Hatley), appeals a trial court order transferring venue of their personal injury lawsuit from Pierce County to King County. We reverse and remand.

## FACTS

On September 21, 2001, Carl and Patricia Hatley filed a personal injury product liability action in Pierce County

Superior Court against multiple manufacturers and distributors of asbestos-containing products. The complaint alleged that Carl was exposed to asbestos in various locations. The court set trial for March 21, 2002, on an accelerated basis due to Carl's terminal illness. Carl died on February 9, 2002, while this matter was pending.

The defendant asbestos manufacturers and distributors[1] (respondents) moved to transfer venue to King County. They argued that the transfer would serve the interests of justice because King County's asbestos litigation procedures were thorough and included a number of concessions and compromises between the parties that are not binding in Pierce County. The respondents also asserted that "[t]he focus of this motion is not on convenience of witnesses, which at best is a wash. Rather, it is on the unavoidable, substantial administrative burden placed on the courts by the massive asbestos litigation." Clerk's Papers (CP) at 199.

In response to the motion, Hatley submitted a declaration summarizing Carl's deposition testimony. Carl believed that he was exposed to asbestos while serving in the Navy, working in the Fife and Federal Way high schools, and during various periods of home construction and remodeling in Puyallup.

Hatley also filed Carl's declaration in opposition to the motion to transfer venue. In it, Carl stated that he currently lived in Puyallup and had lived in Pierce County with his wife and children for nearly 50 years. He further declared that he wanted the case to remain in Pierce County because he wanted his community to hear his case

---

[1] Saberhagen Holdings, Inc., as successor to Tacoma Asbestos Company and The Brower Company; Bartells Asbestos Settlement Trust; ACandS, Inc.; A.P. Green Refractories, Inc.; A.P. Green Industries, Inc.; Combustion Engineering, Inc.; Asbestos Claims Management Corporation; New National Gypsum Company; T&N, Ltd. s/k/a Turner & Newall, PLC; Certainteed Corporation; Gasket Holdings, Inc. f/k/a Flexitallic, Inc.; Harbison-Walker Refractories Company; Dresser Industries, Inc.; Halliburton Energy Services, Inc.; Kaiser Gypsum Company, Inc.; Flintkote Corporation; J.T. Thorpe & Son, Inc. a/k/a J.T. Thorpe Company; Metalclad Insulation Corporation; Synkoloid Company; Plant Insulation Company; and Owens-Illinois, Inc.

and because his declining health made it difficult for him to travel to Seattle.

In its oral ruling on the matter, the trial court stated that venue in Pierce County "doesn't pass the common sense, straight face test." Supplemental Verbatim Report of Proceedings (SVRP) at 24. The trial court further noted that Carl's alleged asbestos exposure also occurred in King County and that King County was an equally convenient trial location. The trial court further noted that parking at either the Tacoma or Seattle courthouses could be difficult, but that the King County Regional Justice Center in Kent would be convenient.

In its written order transferring venue, the trial court did not repeat its earlier reasoning. Instead, it concluded that there was good cause, both for convenience of witnesses and for furtherance of the ends of justice. We granted Hatley's motion for discretionary review of the trial court's order transferring venue.

## ANALYSIS

Hatley contends that the trial court abused its discretion in granting the motion to transfer venue because the respondents' assertion that King County could administer this case more efficiently than Pierce County is not a proper basis to transfer venue.

■ We review a trial court's grant of a motion to transfer venue for abuse of discretion. *Hickey v. City of Bellingham*, 90 Wn. App. 711, 719, 953 P.2d 822, *review denied*, 136 Wn.2d 1013 (1998). A trial court abuses its discretion when it exercises it on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ We begin by noting that choice of venue "lies with the plaintiff in the first instance." *Baker v. Hilton*, 64 Wn.2d

964, 965, 395 P.2d 486 (1964).[2] Bearing in mind this well-established principle, a court may, nonetheless, transfer venue when "the convenience of witnesses or the ends of justice would be forwarded by the change." RCW 4.12.030(3). The respondents concede that witness convenience was a "wash." CP at 199. Thus, we must determine whether the trial court abused its discretion when it found that the transfer served the ends of justice.

■ The trial court employed two tests when granting the respondents' motion. In its oral decision, the court applied a novel "common sense, straight face test" and considered Carl's alleged exposure to asbestos in King County. SVRP at 24. This test was improper in that it fails to take into account the RCW 4.12.030 requirements.

■ In its written order, the trial court based its decision on the proper convenience of the witnesses and the furtherance of justice tests. But the respondents conceded that witness convenience was a "wash," leaving only the furtherance of justice test. Nevertheless, even under this analysis, there are inadequate grounds to override Hatley's right to choose venue. Here, the trial court apparently agreed with the respondents' assertions that King County procedures were more sophisticated.[3] This is not a proper reason because the perceived expertise of a given court, as claimed

---

[2] According to RCW 4.12.030, a court may transfer venue in defined circumstances. No party asserts that sections (1), (2), or (4) apply here. RCW 4.12.030 provides,

The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:

(1) That the county designated in the complaint is not the proper county; or,

(2) That there is reason to believe that an impartial trial cannot be had therein; or,

(3) That the convenience of witnesses or the ends of justice would be forwarded by the change; or,

(4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity, within the third degree; when he has been of counsel for either party in the action or proceeding.

[3] The respondents cite no Washington authority for the changing of venue based on a case management theory, and we find none. Instead, the respondents rely on

by the respondents, is not a proper basis for a venue choice. *See* RCW 4.12.030; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 510, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) (fear of "provincialism" in the local forum is not enough to justify a transfer); *Myers v. Boeing Co.*, 115 Wn.2d 123, 128-29, 794 P.2d 1272 (1990); *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 764-65, 380 P.2d 744 (1963) ("except in rare instances, the mills of justice grind with equal fineness in every county of the state" (footnote omitted)).

In summary, the respondents fail to demonstrate a proper reason to change venue. Using the appropriate standards, there were no reasonable grounds to transfer venue.[4]

Reversed and remanded.

HUNT, C.J., and SEINFELD, J., concur.

---

inapposite federal law. In federal cases, 28 U.S.C. § 1407 specifically provides for case centralization in one forum. Washington has no similar statute.

[4] We recognize that Pierce and King Counties are neighboring counties and that under a different set of facts, the ends of justice might warrant transfer. But here the trial court looked to expediency and efficiency, rather than well-settled statutory and case law standards.