**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
AUGUST 25, 2022

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
AUGUST 25, 2022

ERIN L. LENNON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| HARDEL MUTUAL PLYWOOD CORPORATION, | ) ) ) | No. 100129-1 |
| Petitioner, | ) ) | |
| v. | ) ) | En Banc |
| LEWIS COUNTY, | ) ) | |
| Respondent. | ) ) ) | Filed: August 25, 2022 |

GONZÁLEZ, C.J. — This case concerns two venue statutes that are in tension

with each other.  Under the more specific statute, property tax refund cases "shall

be brought in the superior court of the county wherein the tax was collected."

RCW 84.68.050.  Under the more general statute, "[a]ll actions against any county

may be commenced in the superior court of such county, or in the superior court of

either of the two nearest judicial districts."  RCW 36.01.050(1).  We conclude the

legislature intended the specific statute to govern.  Accordingly, we affirm the trial

court's order transferring venue to the superior court of the county where the tax

was collected.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

BACKGROUND

Property taxes are based on the assessed value of property as determined by county assessors. RCW 84.40.030; *Weyerhaeuser Co. v. Easter*, 126 Wn.2d 370, 375, 894 P.2d 1290 (1995). Property owners may challenge assessors' determinations in several ways. *See Weyerhaeuser*, 126 Wn.2d at 375-76. Without first paying the tax, challenges may be brought to the local board of equalization or, under some circumstances, directly to the Board of Tax Appeals. RCW 84.40.038. Taxpayers may also pay the tax under protest and bring a refund action in superior court. *See* RCW 84.68.020, .050.

Hardel Mutual Plywood Corporation owns property in Lewis County. Hardel challenged the value assessed by the Lewis County assessor, paid its taxes under protest, and brought this refund action in Thurston County Superior Court. Lewis County timely moved for a change of venue under RCW 84.68.050.

The trial judge granted Lewis County's motion on the grounds that "RCW 84.68.050 is both mandatory *and* specific, whereas RCW 36.01.050 is permissive and less specific." Clerk's Papers at 50-51. Hardel successfully moved for this court's discretionary interlocutory review. Western Rivers Conservancy and Washington State Tax Practitioners have submitted an amici brief in support of Hardel.

2

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

ANALYSIS

We must decide whether the legislature intended one of these venue statutes to prevail over the other or whether the two statutes are complementary. This is a question of statutory interpretation that we review de novo. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9, 43 P.3d 4 (2002) (citing *State v. Breazeale*, 144 Wn.2d 829, 837, 31 P.3d 1155 (2001)); *see also Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 765, 380 P.2d 744 (1963) (noting that discretionary venue decisions are reviewed for abuse of discretion).

When interpreting statutes, "[t]he court's fundamental objective is to ascertain and carry out the Legislature's intent, and if the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *Campbell & Gwinn*, 146 Wn.2d at 9-10 (citing *State v. J.M.*, 144 Wn.2d 472, 480, 28 P.3d 720 (2001)). A statute's plain meaning "is discerned from all that the Legislature has said in the statute and related statutes which disclose legislative intent about the provision in question." *Id.* at 11. The legislature has the power to make policy choices, limited only by constitutional constraints. The wisdom of the legislature's policy choices in limiting venue is not before us and we recognize that some things have changed since the statutes were passed.

3

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

Venue has not been defined in the relevant statutes. *Black's Law Dictionary* defines "venue" as

> 1. [t]he proper or a possible place for a lawsuit to proceed, usu[ally] because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant. 2. The territory, such as a country or other political subdivision, over which a trial court has jurisdiction.

BLACK'S LAW DICTIONARY 1870 (11th ed. 2019); *see also Dougherty v. Dep't of Lab. & Indus.*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003). While our case law has from time to time blurred the distinction between venue and jurisdiction, they are profoundly different concepts. "'Venue has to do with the place of a proceeding.'" *Dougherty*, 150 Wn.2d at 316 (quoting 2 AM. JUR. 2D *Administrative Law* § 428, at 422 (1994)). "It 'is the place where the power to adjudicate is to be exercised, that is, the place where the suit may or should be heard.'" *Id.* (quoting 77 AM. JUR. 2D *Venue* § 1, at 608 (1997)). Subject matter jurisdiction, by contrast, concerns the power of the court to adjudicate the type of controversy. *Id.* (quoting *Marley v. Dep't of Lab. & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)).

While venue concerns procedure, this court has long deferred to the legislature to establish the rules for venue among the various trial courts. *See Dougherty*, 150 Wn.2d at 316-17.[1] The plaintiff has the initial choice of venue and

---

[1] We recognize that venue is sometimes addressed by court rule. However, there is no separation of powers conflict to resolve in this case since CR 82, the only court rule that governs venue, concerns nonresidents.

4

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

a defendant's objections must be timely raised or they are waived. *Eubanks v. Brown*, 180 Wn.2d 590, 595, 327 P.3d 635 (2014) (citing *Hatley v. Saberhagen Holdings, Inc.*, 118 Wn. App. 485, 488-89, 76 P.3d 255 (2003); *Youker v. Douglas County*, 162 Wn. App. 448, 459-60, 258 P.3d 60 (2011)).

> Title 36 RCW generally governs counties.  Under its venue provision,

> [a]ll actions against any county may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts. All actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action.

RCW 36.01.050(1).  This statute's use of "may" gives plaintiffs some discretion in where to bring their cases.  *See* BLACK'S LAW DICTIONARY, *supra*, at 1172-73 (defining "may").  Title 84 RCW generally governs property taxes.  Under its venue provision (with some exceptions not relevant here),

> [t]he action for the recovery of taxes so paid under protest shall be brought in the superior court of the county wherein the tax was collected or in any federal court of competent jurisdiction.

RCW 84.68.050.[2]  This statute directs that tax refund cases "shall" be filed in the county where the property tax is collected.  With some narrow exceptions, "'[i]t is well settled that the word "shall" in a statute is presumptively imperative and operates to create a duty. . . . The word "shall" in a statute thus imposes a

---

[2] We note that federal courts will generally decline to hear these tax refund cases due to the federal Tax Injunction Act. Under that act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

5

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

mandatory requirement unless a contrary legislative intent is apparent.'" *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994) (second alteration in original) (quoting *Erection Co. v. Dep't of Lab. & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993)).

This is not a typical statutory interpretation case where we are interpreting the meaning of statutes passed at the same time or within the same title of the Revised Code of Washington. Instead, we are considering two statutes, in two different titles, enacted and amended at different times without specific consideration of each other. *See* LAWS OF 1963, ch. 4, RCW 36.01.050 (initial codification by code reviser of the county code and limiting venue in cases against county to that county's superior court or the superior court of a single adjoining county); LAWS OF 1931, ch. 62, § 5 (first legislative act directing that tax refund cases be filed in the county where the tax was collected). When both a general and specific statute potentially apply, we give effect to the specific statute unless there is some indication the legislature intended the general to govern. *See Residents Opposed to Kittitas Turbines v. State Energy Facility Site Evaluation Council*, 165 Wn.2d 275, 309, 197 P.3d 1153 (2008) (citing *Wark v. Wash. Nat'l Guard*, 87 Wn.2d 864, 867, 557 P.2d 844 (1976)); *Hallauer v. Spectrum Props., Inc.*, 143 Wn.2d 126, 146, 18 P.3d 540 (2001).

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

This general-specific rule has been elaborated in the venue context. "When interpreting venue statutes, this court has applied mandatory statutes to the exclusion of permissive ones and specific statutes to the exclusion of general ones." *Ralph v. Weyerhaeuser Co.*, 187 Wn.2d 326, 338, 386 P.3d 721 (2016) (citing *Eubanks*, 180 Wn.2d at 596 n.1; *Russell*, 61 Wn.2d at 765). "However, when confronted with two equally applicable venue statutes, we have held that they may be interpreted as 'complementary,' giving plaintiffs the option of which statute to proceed under." *Id.* (quoting *Cossel v. Skagit County*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992), *overruled on other grounds by Shoop v. Kittitas County*, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003)).

RCW 84.68.050 is mandatory and specific. It directs that refund cases "shall be brought in the superior court of the county wherein the tax was collected" and vests venue in one court. By contrast, RCW 36.01.050 is general and permissive: it gives the plaintiffs a choice of three courts. Under the general-specific rule, RCW 84.68.050 applies.

Hardel contends we should read the two venue statutes as complementary under *Cossel*. *Cossel* began when a car rolled over on a Skagit County road. Br. of Appellant Cossel at 2, 119 Wn.2d 434 (No. 58784-1). The driver sued Skagit County for negligence related to that road in Snohomish County Superior Court.

7

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

*Cossel*, 119 Wn.2d at 435. Skagit County successfully moved to dismiss on the theory that RCW 4.12.020 limited jurisdiction to Skagit County courts. *Id*.

This court reversed, finding that both RCW 36.01.050, the general county venue statute before us today, and RCW 4.12.020(3), the general venue statute governing personal injury cases, vested subject matter jurisdiction in specified superior courts, were complementary, and did not operate to the exclusion of each other. *Cossel*, 119 Wn.2d at 436-37. Hardel is correct that in *Cossel*, the court was dealing with one statute that used mandatory language, RCW 4.12.020 ("shall be tried"), and another statute that used permissive language, RCW 36.01.050 ("may be commenced"). *See Cossel*, 119 Wn.2d at 437. But the two statutes in play in *Cossel* were also different in a striking way. RCW 4.12.020(3) concerned only the type of case. RCW 36.01.050 concerned only the type of defendant. By contrast, RCW 84.68.050 concerns both the type of defendant (counties) and the type of case (tax refund actions).

More importantly, *Cossel* turned on subject matter jurisdiction, not venue. *Cossel*, 119 Wn.2d at 436. It concerned whether the case was properly dismissed for lack of subject matter jurisdiction, not whether a motion for change of venue should have been granted. *See id.* at 435. *Cossel* was decided under the assumption, since examined and rejected, that our legislature had the power to make subject matter jurisdiction distinctions between the superior courts. *See id*. at

8

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

436 (citing *Aydelotte v. Audette*, 110 Wn.2d 249, 750 P.2d 1276 (1988), *overruled by Young v. Clark*, 149 Wn.2d 130, 65 P.3d 1192 (2003)).  Since article IV, section 6 of the Washington Constitution "precludes any subject matter restrictions as among superior courts," *Cossel*'s core holding has been overturned.  *Shoop*, 149 Wn.2d at 37.

We conclude that RCW 36.01.050 and RCW 84.68.050 are not complementary.  Under RCW 84.68.050, tax refund cases shall be tried in the superior court of the county where the tax is paid.  RCW 36.01.050 would render that specific and mandatory direction a nullity.  Accordingly, the general rule that a mandatory and specific venue statute will prevail over a permissive general statute applies.  *See Ralph*, 187 Wn.2d at 338 (citing *Eubanks*, 180 Wn.2d at 596 n.1; *Russell*, 61 Wn.2d at 765).[3]

---

[3] Hardel also argues that requiring it to litigate in Lewis County violates fundamental fairness and due process.  Fundamental fairness and due process are constitutional arguments.  *See generally Standlee v. Smith*, 83 Wn.2d 405, 411, 518 P.2d 721 (1974) (Utter, J., dissenting).  We will limit or construe the plain language of a statute to render it constitutional when consistent with the legislative purpose.  *See, e.g.*, *Utter ex rel. State v. Bldg. Indus. Ass'n of Wash.*, 182 Wn.2d 398, 431-34, 341 P.3d 953 (2015) (limiting scope of ambiguous definition for several reasons, including to avoid a potential First Amendment violation (U.S. CONST. amend. I)); *In re Elliott*, 74 Wn.2d 600, 610, 446 P.2d 347 (1968) (plurality opinion) (construing certified question statute as permissive to avoid constitutional infirmity).  But Hardel has not brought a constitutional challenge to RCW 84.68.050 and has not made a threshold showing that RCW 84.68.050 is constitutionally infirm.  Nor has it shown that disregarding RCW 84.68.050's limitation on venue would be consistent with the legislative purpose.  We decline to consider this argument or other arguments predicated on any constitutional infirmity in RCW 84.68.050 in the absence of a constitutional challenge.

*Hardel Mutual Plywood Corp. v. Lewis County*, No. 100129-1

CONCLUSION

We conclude that the legislature intended tax refund actions to be litigated in the county that collected the tax.  Accordingly, we affirm and remand to the superior court for further proceedings consistent with this opinion.

_____
González, C.J.

WE CONCUR:

_____        _____
Johnson, J.                                             Gordon McCloud, J.

_____        _____
Madsen, J.                                             Yu, J.

_____        _____
Owens, J.                                             Whitener, J.

_____        _____
Stephens, J.                                             Sutton, J.P.T.

10