

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DEC 29 2016

Madsen, C. J.
CHIEF JUSTICE

This opinion was filed for record

at 9:00 am on Dec 29, 2016

Susan L. Carl

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLIAM RALPH, individually, ) | |
| ) | |
| Petitioner, ) | No. 91711-6 |
| ) | (consolidated with |
| ) | Nos. 91725-6, 91726-4, |
| v. ) | and 91727-2) |
| ) | |
| WEYERHAEUSER COMPANY, a ) | |
| Washington Corporation; and GREEN ) | |
| DIAMOND RESOURCE COMPANY, a ) | |
| Washington Corporation, ) | EN BANC |
| ) | |
| Respondents. ) | |
| ) | |
| WILLIAM RALPH, individually, ) | Filed: DEC 29 2016 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF WASHINGTON ) | |
| DEPARTMENT OF NATURAL ) | |
| RESOURCES, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| WILLIAM FORTH, individually; GUY ) | |
| BAUMAN, individually; EILEEN ) | |
| BAUMAN, individually; LINDA ) | |
| STANLEY, individually and as personal ) | |
| representative IN RE THE ESTATE OF ) | |
| CORAL COTTEN; ROCHELLE ) | |

STANLEY, as personal representative IN RE THE ESTATE OF CORAL COTTEN; DONALD LEMASTER, individually; and DAVID GIVENS, individually,

         Petitioners,

         v.

STATE OF WASHINGTON DEPARTMENT OF NATURAL RESOURCES, a Washington State Public Agency; WEYERHAEUSER COMPANY, a Washington Corporation; and GREEN DIAMOND RESOURCE COMPANY, a Washington Corporation,

         Respondents.

VIRGINIA CAREY, individually; JAMIE CAREY, individually; PARADYCE INDUSTRIES, INC., d/b/a THE PRINT SHOP, a Washington Corporation,

         Petitioners,

         v.

STATE OF WASHINGTON DEPARTMENT OF NATURAL RESOURCES; WEYERHAEUSER COMPANY, a Washington Corporation; and GREEN DIAMOND RESOURCE COMPANY, a Washington Corporation,

         Respondents.

YU, J.— These consolidated cases all arise from a 2007 flood of the Chehalis River in Lewis County. This is the second time we have considered questions relating to the appropriate forum. In our first review, we considered the trial court's orders dismissing the cases for lack of subject matter jurisdiction pursuant to RCW 4.12.010(1). *Ralph v. Dep't of Nat. Res.*, 182 Wn.2d 242, 245-46, 343 P.3d 342 (2014) (*Ralph* I). A majority of this court held that "RCW 4.12.010 relates to venue, not jurisdiction" and therefore "reverse[d] and remand[ed] for further proceedings." *Id.* at 246. On remand, the respondents[1] promptly moved to transfer venue to Lewis County in each case. Over the petitioners'[2] objections, the trial court granted the respondents' motions. Those orders are now before this court on direct discretionary review.

We hold that the respondents did not waive their objections to proper venue for these actions, but that as a matter of statutory interpretation, RCW 4.12.010(1) does not provide for exclusive proper venue in Lewis County. King County is another possible proper venue in accordance with RCW 4.12.020(3) and 4.12.025(3). We therefore reverse the trial court's orders transferring venue to Lewis County to the extent those orders were based solely on exclusive proper

---

[1] The respondents are defendants Department of Natural Resources, Weyerhaeuser Company, and Green Diamond Resource Company.

[2] The petitioners are plaintiffs William Ralph, William Forth, Guy Bauman, Eileen Bauman, Linda Stanley, Rochelle Stanley, Donald LeMaster, David Givens, Virginia Carey, Jamie Carey, and Paradyce Industries Inc.

venue. It is unclear if the trial court considered whether venue should be transferred to Lewis County for the convenience to the witnesses, so we remand for the trial court to exercise its discretion on that issue in a manner consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

The factual background is quoted from this court's decision in *Ralph* I:

> In December 2007, heavy rains caused the Chehalis River to overflow its banks, resulting in widespread flooding in Lewis County. The properties of [the petitioners] were among those affected. [The petitioners] filed separate suits in King County Superior Court against [the respondents], alleging negligence; trespass; tortious interference with contractual relations and business expectancies; conversion; inverse condemnation; unlawful agency action; and violations of the Shoreline Management Act of 1971, chapter 90.58 RCW, and the State Environmental Policy Act, chapter 43.21C RCW. [The petitioners] assert that [the respondents'] poor forestry practices made its land unstable, thereby allowing landslides to form and debris to flow into the Chehalis River, which in turn displaced river water, flooded the river basin, and caused damage to their property.

*Id.* at 246 (citations omitted).

The respondents moved to dismiss each case, arguing that RCW 4.12.010(1) vested exclusive jurisdiction in Lewis County, where all of the real property at issue is located, and that the only remedy for this "jurisdictional defect" was dismissal. Mot. for Discr. Review (MDR), App. at 115, 144, 173, 205. The trial

court granted the motions, and the Court of Appeals affirmed.[3] *Ralph* I, 182 Wn.2d at 246-47.

This court reversed. We unanimously rejected the petitioners' argument that RCW 4.12.010(1) "encompass[es] only injuries that affect title to real property and not actions for monetary damages." *Id.* at 249; *see also id.* at 266 (Wiggins, J., dissenting). The court also acknowledged that "[c]ase law from the 1940s and 1950s held that RCW 4.12.010 is jurisdictional, so that an improperly commenced action must be dismissed if filed in a superior court outside the local county." *Id.* at 245-46 (citing *Snyder v. Ingram*, 48 Wn.2d 637, 639, 296 P.2d 305 (1956), *overruled in part by Ralph* I, 182 Wn.2d 242; *Cugini v. Apex Mercury Mining Co.*, 24 Wn.2d 401, 409, 165 P.2d 82 (1946)). The trial court and Court of Appeals decisions were thus correct applications of then-controlling precedent.

However, a majority of this court overruled that precedent in light of more recent cases that "interpreted similar (though not identical) statutes to prescribe only venue in light of article IV, section 6 of the Washington State Constitution, which grants universal original subject matter jurisdiction to the superior courts."

---

[3] In *Carey v. Department of Natural Resources*, the trial court denied the motion to dismiss, but stayed the proceedings pending the outcome of the appeals in "related cases." MDR App. at 235 (Order Staying Proceedings, *Carey v. Dep't of Nat. Res.*, No. 10-2-42011-8 (King County Super. Ct. Sept. 30, 2011)). The petitioners in *Carey* were thus not parties to *Ralph* I. This procedural variation does not affect the issues now presented.

*Id.* at 246 (citing *Young v. Clark,* 149 Wn.2d 130, 134, 65 P.3d 1192 (2003); *Shoop v. Kittitas County,* 149 Wn.2d 29, 37, 65 P.3d 1194 (2003)). We thus held,

> RCW 4.12.010 applies to tort actions seeking monetary relief for damages to real property and relates to venue, not jurisdiction. If an action for injuries to real property is commenced in an improper county, the result is not dismissal but rather a change of venue to the county in which the real property is located. We therefore reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

*Id.* at 259.

On remand, the respondents promptly moved for a change of venue, arguing that Lewis County is the exclusive proper venue pursuant to *Ralph* I and RCW 4.12.010(1), and alternatively arguing that Lewis County is a more convenient forum for the witnesses. They also argued that if Lewis County is the exclusive proper venue, RCW 4.12.090(1) requires the petitioners to bear the transfer costs. The trial court granted the respondents' motions. We accepted direct discretionary review of the trial court's orders and consolidated the actions.

### ISSUES

A.  Did the respondents waive the venue provisions of RCW 4.12.010(1)?

B.  If RCW 4.12.010(1)'s venue provisions were not waived, did the trial court properly grant the respondents' motions to change venue to Lewis County?

C.  If the trial court properly granted the respondents' motions to change venue, were the petitioners properly ordered to pay the transfer costs?

D. Are the respondents entitled to attorney fees on review?

ANALYSIS

Because our case law prior to *Ralph* I interpreted RCW 4.12.010 as a jurisdictional statute, we have not previously interpreted its provisions through the lens of venue. We must do so now, and we hold that RCW 4.12.010(1) does not provide exclusive proper venue for these actions in Lewis County. There are other equally specific, equally mandatory, and equally applicable venue statutes. Because RCW 4.12.020(3) and 4.12.025(3) both clearly provide that King County is also a possible proper venue, the respondents were not entitled to a change of venue as a matter of right pursuant to RCW 4.12.030(1). However, it is not clear from the record if the trial court decided whether venue should be changed to Lewis County for the convenience of the witnesses pursuant to RCW 4.12.030(3).

We therefore reverse and remand for the trial court to exercise its discretion in a manner consistent with this opinion. However, even if venue is ultimately transferred to Lewis County as a matter of discretion, the petitioners will not have to bear the transfer costs and the respondents are not entitled to costs or attorney fees on review.

7

A.    Threshold issues

Each party raises a threshold issue that might obviate the need to interpret

the venue statutes at issue here.  However, due to the particular procedural history

of these cases, we reject these threshold arguments.

1.    Waiver

The petitioners contend that when the respondents moved to dismiss for lack

of subject matter jurisdiction and argued that transfer to Lewis County was not an

available remedy, they waived their right to object to improper venue pursuant to

CR 12(h)(1).  Ordinarily, the petitioners might be right, but there was no waiver

here because such an objection was legally unavailable before *Ralph* I.

The respondents contend that proper venue pursuant to RCW 4.12.010(1)

cannot be waived.  However, the cases supporting that view explicitly rely on the

now-rejected interpretation of RCW 4.12.010 as relating to jurisdiction rather than

venue.  *See* Joint Br. of Resp'ts at 6 (citing *Alaska Airlines, Inc. v. Molitor*, 43

Wn.2d 657, 665, 263 P.2d 276 (1953); *Miles v. Chinto Mining Co.*, 21 Wn.2d 902,

907, 153 P.2d 856 (1944)).  In a case where the court rejected the parties'

stipulation to trial in a county other than that prescribed by a former version of

RCW 4.12.010(1), we acknowledged that

> [i]t may be conceded that, if [the former version of 4.12.010(1)
> (1881)] were a statute relating merely to venue, the parties could so
> stipulate.  But it has not been so regarded or construed by our

8

decisions; on the contrary, it has been regarded as a statute affecting jurisdiction.

*Miles*, 21 Wn.2d at 904. After *Ralph* I, the statute does relate merely to venue and its provisions may be waived in appropriate circumstances.

However, waiver pursuant to CR 12(h)(1) applies only to *available* defenses and objections. *Kahclamat v. Yakima County*, 31 Wn. App. 464, 466, 643 P.2d 453 (1982). A venue-based objection to noncompliance with RCW 4.12.010 was legally unavailable before this court's opinion in *Ralph* I, and the only appropriate remedy for noncompliance was dismissal.[4] *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 315 n.5, 268 P.3d 892 (2011). It cannot be said that the respondents either implicitly or intentionally waived an objection to improper venue by bringing a motion to dismiss that argued for a correct application of then-controlling precedent.

Moreover, the respondents' motions to dismiss for lack of subject matter jurisdiction were clearly sufficient to put the court and the petitioners on notice of the basis for the respondents' objections to proceeding in King County. We have already held that raising an objection to venue is sufficient to preserve the issue

---

[4] The petitioners assert that "transfer of these cases to Lewis County was a viable alternative" even before *Ralph* I. MDR at 10 n.31. That is incorrect. Prior cases held that actions initially brought in the proper county pursuant to RCW 4.12.010 could later be transferred to another county, but *not* the other way around. *Ralph* I, 182 Wn.2d at 245, 255 (citing *Snyder*, 48 Wn.2d at 639; *Cugini*, 24 Wn.2d at 409; *N. Bend Lumber Co. v. City of Seattle*, 147 Wash. 330, 336, 266 P. 156 (1928)).

9

even if the objecting party does not propose *any* remedy, much less one foreclosed by controlling precedent. *Eubanks v. Brown*, 180 Wn.2d 590, 594-95, 327 P.3d 635 (2014). The respondents thus did not waive any venue-based objection here.

2.      Scope of *Ralph* I

The respondents argue that this court already decided in *Ralph* I that Lewis County is the exclusive proper venue for these actions, but they read *Ralph* I too broadly. That opinion resolved the question of whether RCW 4.12.010(1) applies to these actions *at all*, but not whether it applies *exclusively*. *See Ralph* I, 182 Wn.2d at 249-51. The remand was "for further proceedings consistent with this opinion," not specifically for transfer to Lewis County. *Id.* at 259.

We also reject the respondents' view that pursuant to *Ralph* I, venue for these actions must be transferred to Lewis County, but then might be transferred back to King County for some discretionary reason. They contend that this cumbersome process is required as a matter of policy to preserve the stability of land titles, but this court already rejected that contention when it held that RCW 4.12.010 is not a jurisdictional statute. *Id.* at 255-57. There is no indication that the legislature has since taken responsive action or that the stability of land titles has actually been undermined. Moreover, it is possible that a court could still consider such an argument as applied to a specific case involving title to real property in order to determine whether venue should be changed as a matter of

10

discretion. *See* RCW 4.12.030(3) (allowing discretionary change of venue where "the ends of justice would be forwarded by the change").

Because we reject the parties' threshold arguments, we must now consider whether Lewis County is the exclusive proper venue for these actions as a matter of statutory interpretation.

## B.    Change of venue

The respondents' motions raised two bases for transferring venue to Lewis County: transfer to the proper county as a matter of right pursuant to RCW 4.12.030(1), and transfer for convenience of the witnesses as a matter of discretion pursuant to RCW 4.12.030(3). The trial court erred in granting the respondents' motions on the first basis, and it is unclear whether it reached the second. We therefore reverse and remand for further proceedings.

### 1.    Transfer as a matter of right

Venue is governed primarily by statute. *Eubanks*, 180 Wn.2d at 595. While as a general rule the initial choice of venue lies with the plaintiff, the plaintiff must choose a venue that is statutorily authorized. *Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 765, 380 P.2d 744 (1963). "To determine venue, the court assumes the allegations in the complaint are true." *Eubanks*, 180 Wn.2d at 596. If the plaintiff files in an improper venue and the defendant does not waive the objection, the defendant has the right to have the matter transferred to a proper venue. RCW

11

4.12.030(1), .060; *Eubanks*, 180 Wn.2d at 595. Changing venue under such circumstances is not discretionary and is reviewed as a matter of law. *Moore v. Flateau*, 154 Wn. App. 210, 214, 225 P.3d 361 (2010).

When interpreting venue statutes, this court has applied mandatory statutes to the exclusion of permissive ones and specific statutes to the exclusion of general ones. *See Eubanks*, 180 Wn.2d at 596 n.1 (mandatory over permissive); *Russell*, 61 Wn.2d at 765 (specific over general). However, when confronted with two equally applicable venue statutes, we have held that they may be interpreted as "complementary," giving plaintiffs the option of which statute to proceed under. *Cossel v. Skagit County*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992), *overruled on other grounds by Shoop*, 149 Wn.2d at 37.

The petitioners contend that even though venue is proper in Lewis County pursuant to RCW 4.12.010(1), RCW 4.12.020(3) and 4.12.025(3) also gave them the option of filing their lawsuits in King County. We agree. Transfer to Lewis County as a matter of right pursuant to RCW 4.12.030(1) was thus improper.

a.  Venue for actions for injuries to the person or personal property

The petitioners argue that RCW 4.12.020(3) applies because they are seeking damages for emotional distress and injuries to personal property, including both tangible items and commercial interests. If it does apply, the petitioners contend they had the option of bringing suit in King County based on the corporate

12

respondents' residence and the allegation that "the cause of action arose at Weyerhaeuser's headquarters in King County, where the policies and procedures causing the negligent timber practices were born, cultivated, and ordered." Pet'rs' Opening Br. at 16-17. We agree. This action is plainly seeking damages for personal injuries in addition to damages for injury to real property, so both RCW 4.12.020(3) and 4.12.010(1) could apply. And both statutes are equally mandatory and specific, so we interpret them as complementary.

As the respondents correctly note, RCW 4.12.010 provides in mandatory terms that actions for injuries to real property "*shall* be commenced in the county in which the subject of the action, or some part thereof, is situated." (Emphasis added.) This court acknowledged that language in *Ralph* I by stating that RCW 4.12.010 "relates to mandatory venue, not jurisdiction." 182 Wn.2d at 257. We did not, however, consider the possible application of other venue statutes with equally mandatory language.

One such statute is RCW 4.12.020, which provides in relevant part,

Actions for the following causes *shall* be tried in the county where the cause, or some part thereof, arose:
. . . .
(3) For the recovery of damages for injuries to the person or for injury to personal property, the plaintiff *shall* have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

13

(Emphasis added.) Both statutes use the word "shall," and nothing about the plain language of either statute indicates that one should apply to the exclusion of the other.[5] The respondents point to the fact that RCW 4.12.010 prescribes where an action "shall be *commenced.*" (Emphasis added.) However, RCW 4.12.020(3) prescribes where a plaintiff "shall have the option of *suing*," (emphasis added), and the inescapable fact is that a plaintiff "suing" is the point at which an action is "commenced." RCW 4.12.010's use of the word "commenced" thus does not make its plain language any more mandatory than that of RCW 4.12.020(3).

In addition to being equally mandatory, both statutes are equally specific. RCW 4.12.010(1) prescribes venue for actions based on injuries to real property, and RCW 4.12.020(3) prescribes venue for actions seeking damages for injuries to the person or personal property. This case is thus unlike *Eubanks*, where we held RCW 4.12.020(2), if applicable, would prevail over RCW 36.01.050. The former statute is specific as to both the type of defendant (a public officer) and the basis for the action (acts done in virtue of public office), while the latter is specific only as to the type of defendant (a county). *Eubanks*, 180 Wn.2d at 595-96. Here, both RCW 4.12.010(1) and 4.12.020(3) are specific only as to the basis for the action.

---

[5] We note that such language would be possible if that were the legislature's intent. *See ZDI Gaming, Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 619, 618, 268 P.3d 929 (2012) (holding that "[t]he legislature wanted to have cases involving the Gambling Commission heard in Thurston County" pursuant to a statutory provision that "'[n]o court of the state of Washington other than the superior court of Thurston county shall have jurisdiction over any action or proceeding against the commission'" (quoting RCW 9.46.095)).

The respondents contend that RCW 4.12.010(1) is the most specific applicable statute because it allows only one choice of venue, Lewis County. That contention is misleading. First, in order to give effect to RCW 4.12.020(3)'s mandatory language, we must interpret it so that a plaintiff is actually able to exercise the options it provides. *Cf. Russell*, 61 Wn.2d at 767 ("[T]he legislature not only did a useless but a silly thing, if it gave a plaintiff an option to sue in the county where the cause of action arose or in the county where some one of the defendants resides, if it must in any event be tried in the former."). Second, depending on the particular facts at issue, RCW 4.12.010(1) might itself give plaintiffs an option of more than one venue because it clearly contemplates actions concerning real property that spans multiple counties, in which case the plaintiff may choose where to file. RCW 4.12.010 (providing for venue "in the county in which the subject of the action, *or some part thereof*, is situated" (emphasis added)); *Commercial Nat'l Bank of Seattle v. Johnson*, 16 Wash. 536, 544, 48 P. 267 (1897). Thus, the number of venue options available in a particular case does not resolve the question of which venue provision is more specific as a matter of statutory interpretation.

Where, as here, one lawsuit seeks damages for injury to both real and personal property, both RCW 4.12.010(1) and 4.12.020(3) apply, and RCW 4.12.020(3) gave the petitioners here the option of suing in King County.

15

b.      Venue for actions against corporations

The petitioners further argue that they had the option of bringing their lawsuits in King County pursuant to RCW 4.12.025(3), which provides,

> The venue of any action brought against a corporation, at the option of the plaintiff, *shall* be: (a) In the county where the tort was committed; (b) in the county where the work was performed for said corporation; (c) in the county where the agreement entered into with the corporation was made; or (d) in the county where the corporation has its residence.

(Emphasis added.)  Again, we agree.  It is undisputed that both Weyerhaeuser's and Green Diamond's corporate residences are in King County, so if RCW 4.12.025(3)(d) applies, venue is proper in King County.  *See* RCW 4.12.025(1) (defining corporate residence for venue purposes); RCW 4.92.010(4) (venue for actions against the state shall be "where the action may be properly commenced by reason of the joinder of an additional defendant").  And like RCW 4.12.010 and 4.12.020, RCW 4.12.025(3)'s language is mandatory and specific as to one particular aspect of the case (the corporate identity of the defendant).

The respondents, however, contend that RCW 4.12.025 is a general venue statute that applies only where some other, more specific statute does not apply. Joint Br. of Resp'ts at 4 (citing *Moore*, 154 Wn. App. at 214-15; *Russell*, 61 Wn.2d at 765).  That may be true of RCW 4.12.025(1), but the same cannot be said for RCW 4.12.025(3).  When *Russell* was decided, RCW 4.12.025 contained only the general venue provision "that the defendant has a right to have an action against

16

him commenced in the county of his residence." *Russell*, 61 Wn.2d at 765; *see also* LAWS OF 1927, ch. 173, § 1. It was not until two years later that the legislature added the specific provisions now corresponding to RCW 4.12.025(3). LAWS OF 1965, ch. 53, § 168. Furthermore, in 1998 the legislature added RCW 4.12.025(2), which governs only the specific context of "[a]n action upon the unlawful issuance of a check or draft." LAWS OF 1998, ch. 56, § 1. Thus, while RCW 4.12.025(1) may still be characterized as a general default venue provision, the same cannot be said of RCW 4.12.025(2) and (3). *See Moore*, 154 Wn. App. at 214-15 (characterizing RCW 4.12.025 "as the default venue provision for civil actions in this state," but quoting only RCW 4.12.025(1)).

RCW 4.12.010(1) provides that venue for these actions is proper in Lewis County. RCW 4.12.020(3) and 4.12.025(3) provide that venue for these actions may also be proper in King County. The language of all three statutes is equally mandatory and specific, without any indication that one should apply to the exclusion of the others. We therefore hold that Lewis County is not the exclusive proper venue for this action and the respondents were not entitled to a change of venue as a matter of right pursuant to RCW 4.12.030(1).

2.     Transfer as a matter of discretion

In their motions to change venue, the respondents argued in the alternative that venue should be transferred to Lewis County pursuant to RCW 4.12.030(3),

17

which allows for a change of venue where "the convenience of witnesses or the ends of justice would be forwarded by the change." Because it is not clear whether the trial court reached this issue, we remand for the trial court to exercise its discretion in a manner consistent with this opinion.

Changing venue for witness convenience "is a question to be addressed to the discretion of the superior court of the county" where venue is proper. *Andrews v. Cusin*, 65 Wn.2d 205, 210, 396 P.2d 155 (1964). Thus, the trial court here could not have reached the issue of witness convenience unless it first denied the respondents' motions based on improper venue. *Davidson v. Weyerhaeuser Co.*, 36 Wn. App. 150, 153, 672 P.2d 767 (1983). There is no clear indication that it did so. In three of the cases, the trial court simply granted the respondents' motions without elaboration, and in the fourth case, the trial court included a brief analysis indicating it was actually relying solely on exclusive proper venue. Moreover, the fact that all the parties believe the trial court ordered the petitioners to pay the transfer costs indicates that it relied solely on exclusive proper venue.[6] If the

---

[6] At oral argument, counsel for the petitioners indicated that trial court orders awarding costs could be found at clerk's papers 178 and 562. Wash. Supreme Court oral argument, *Ralph v. Weyerhaeuser Co.*, No. 91711-6 (Sept. 8, 2016), at 38 min., 15 sec., *audio recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org. Those citations lead to the requests for costs in the respondents' motions to change venue, not to court orders granting them. In fact, none of the trial court's orders explicitly state whether the petitioners were or would be ordered to pay the transfer costs.

transfer were granted for any other reason, the respondents would have been required to pay the costs as the moving parties. RCW 4.12.090(1).

It is thus unclear at best whether the trial court considered discretionary transfer for the convenience of the witnesses. We therefore remand for the trial court to exercise its discretion consistent with our opinion and the established criteria for changing venue pursuant to RCW 4.12.030(3). *See, e.g., State ex rel. Conley v. Superior Ct.*, 106 Wash. 569, 571-72, 181 P. 50 (1919); *Hickey v. City of Bellingham*, 90 Wn. App. 711, 719-20, 953 P.2d 822 (1998).

C.      Costs for change of venue

RCW 4.12.090(1) provides that the costs for changing venue "must be paid by the party at whose instance the order was made, except in the cases mentioned in RCW 4.12.030(1), in which case the plaintiff shall pay costs of transfer." Because venue for these actions should not have been transferred pursuant to RCW 4.12.030(1), the petitioners cannot be ordered to pay the transfer costs, even if the trial court transfers venue as a matter of discretion on remand.

D.      Costs and attorney fees on review

We deny the respondents' request for costs and attorney fees on review pursuant to RCW 4.12.090(1) and RAP 18.1(a) because we reverse the trial court's orders changing venue as a matter of right.

19

CONCLUSION

Following the decision in *Ralph* I, proper venue for these actions is a matter

of statutory interpretation and an issue of first impression. We hold that Lewis

County is not the exclusive proper venue for these actions, and we therefore

reverse and remand for further proceedings consistent with this opinion.

_____ ___Yu, J.___ _____

WE CONCUR:

_____Madsen, C.J._____        _____Stephens, J._____

_____Johnson, J._____        _____González, J._____

_____Owens, J._____        _____Helen McCloud, J._____

_____Fairhurst, J._____

21

No. 91711-6

WIGGINS, J. (concurring)—I made clear my disagreement with the result in *Ralph* I, in which a majority of the court held that RCW 4.12.010(1) "relates to venue, not jurisdiction." *Ralph v. Dep't of Nat. Res.*, 182 Wn.2d 242, 246, 343 P.3d 342 (2014). Given that we now treat RCW 4.12.010 as a venue statute, rather than a jurisdictional statute, I concur in the majority's result.

Wiggins, J.

1