# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CLARK COUNTY, a Washington municipal corporation, | No. 53799-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| PORTLAND VANCOUVER JUNCTION RAILROAD, LLC, a Washington limited liability company, | |
| Petitioner. | |
| PORTLAND VANCOUVER JUNCTION RAILROAD, LLC, a Washington limited liability company, | |
| Petitioner, | |
| v. | |
| CLARK COUNTY, a Washington municipal corporation, | |
| Respondent. | |

MAXA, J. – The Portland Vancouver Junction Railroad, LLC (PVJR) seeks review of the trial court's order denying PVJR's motion to change venue of consolidated lawsuits filed in Clark County Superior Court by Clark County against PVJR and by PVJR against the County. The lawsuits involve a dispute regarding a long-term lease between PVJR and the County

concerning the operation and maintenance of the County's short-line railroad. PVJR is a limited liability company (LLC) with its principal office located in King County.

The County filed its complaint against PVJR first. Four days later PVJR filed its complaint against the County. PVJR then filed a motion to change venue in the County's lawsuit. The court denied PVJR's motion.

RCW 36.01.050(1) states, "All actions *by any county* shall be commenced in the superior court of the county in which the defendant resides, or in either of the two judicial districts nearest to the county bringing the action." (Emphasis added.) However, the legislature has provided no explanation of where an entity like an LLC "resides" for purposes of this statute.

We hold that for purposes of RCW 36.01.050(1), PVJR resides in Clark County because it transacts business there, and therefore that venue was proper in Clark County for the County's lawsuit against PVJR. Accordingly, we affirm the trial court's order denying PVJR's motion to change venue.[1]

FACTS

In 2004, Columbia Basin Railroad Company, Inc. (CBRC) and the County entered into a lease whereby CBRC would provide common carrier freight service and maintenance on part of the County's short-line railroad. In 2012, CBRC assigned its rights under the lease to PVJR.

In March 2019, the County filed a lawsuit against PVJR in Clark County Superior Court. In the complaint, the County sought declaratory judgment that the lease was invalid and unenforceable on multiple grounds, alleged that PVJR had breached the lease and sought injunctive relief to allow it access to the leased premises and PVJR's records. The complaint

---

[1] Because we affirm based on RCW 36.01.050(1), we do not address the County's argument that the venue provisions applicable to corporations under RCW 4.16.025(3) also should be applied to LLCs.

alleged that "[v]enue is proper pursuant to RCW 36.01.050 and RCW 4.12.025 because PVJR transacts business in Clark County." Clerk's Papers (CP) at 2.

Four days later, PVJR filed a separate but related complaint against the County in Clark County Superior Court. In the complaint, PVJR sought declaratory judgment that the lease was valid and that any attempt to invalidate the lease violated federal law. The complaint alleged that "[v]enue is appropriate pursuant to RCW 4.12.025 because the subject of this action originated in Clark County and the defendant is located in Clark County." CP at 174.

PVJR moved for an order changing venue in the County's lawsuit from Clark County to Skamania County. PVJR argued that venue in Clark County was improper under RCW 36.01.050(1) because as an LLC, PVJR resided in King County and not in Clark County.[2] PVJR asserted that venue was proper in Skamania County under RCW 36.01.050(1) because it was one of the two judicial districts closest to Clark County. In response, the County argued that venue of its lawsuit was proper under RCW 36.01.050(1) because PVJR resided in Clark County.

While the motion to change venue was pending, the County and PVJR filed a joint motion to consolidate the two lawsuits. The trial court entered the stipulated order, which stated that PVJR's amended complaint would be treated as a counterclaim. The trial court subsequently denied PVJR's motion to change venue.

This court granted PVJR's motion for discretionary review of the trial court's order denying its motion to change venue.

---

[2] PVJR also argued that a change of venue was appropriate under RCW 4.12.030(2) because it had reason to believe than an impartial trial could not occur in Clark County because the County was the plaintiff. PVJR does not make this argument on appeal.

ANALYSIS

A.     LEGAL PRINCIPLES – VENUE

Venue in Washington is governed by statute.  *Ralph v. Weyerhaeuser Co.*, 187 Wn.2d 326, 338, 386 P.3d 721 (2016).  Although the initial choice of venue lies with the plaintiff, the venue selected must be statutorily authorized.  *Id.*  RCW 4.12.030(1) allows a defendant to change venue if "the county designated in the complaint is not the proper county."  Therefore, "[i]f the plaintiff files in an improper venue and the defendant does not waive the objection, the defendant has the right to have the matter transferred to a proper venue."  *Ralph*, 187 Wn.2d at 338.

Because changing venue when the plaintiff has filed a lawsuit in an improper venue is a matter of right, the trial court has no discretion in this situation.  *Id.*  As a result, we review de novo a motion to change venue based on a claim that a lawsuit was filed in an improper venue. *See id.*

In some cases, two different venue statutes potentially apply to a lawsuit.  In that situation, we apply "mandatory statutes to the exclusion of permissive ones and specific statutes to the exclusion of general ones."  *Id.*  However, those rules do not apply when two statutes are equally specific.  *Id.* at 338, 340.  "[W]hen confronted with two equally applicable venue statutes, we have held that they may be interpreted as 'complementary,' giving plaintiffs the option of which statute to proceed under."  *Id.* at 338.

B.     PROPER VENUE UNDER RCW 36.01.050(1)

RCW 36.01.050(1) states, "All actions *by any county* shall be commenced in the superior court of the county *in which the defendant resides*, or in either of the two judicial districts nearest to the county bringing the action."  (Emphasis added.)  PVJR is an LLC.  Neither RCW

36.01.050(1) nor any other venue statute addresses where an LLC resides for venue purposes. The Washington Limited Liability Act, chapter 25.15 RCW, contains no provision specifically addressing this issue.

PVJR argues that under RCW 36.01.050(1), venue is not proper in Clark County because PVJR does not reside there. PVJR claims that an LLC resides where its principal office is located. The County contends that venue is proper in Clark County under RCW 36.01.050(1) because an LLC resides in the same place as a corporation resides, which under RCW 4.12.025(2) includes where a corporation transacts business.

We hold that PVJR resides in Clark County and therefore that venue was proper in Clark County for the County's lawsuit against PVJR.[3]

1. Parties' Arguments

PVJR claims that an LLC resides where its principal office is located. But PVJR provides no authority that specifically supports this contention. PVJR cites to RCW 25.15.071(1)(c), which states that a certification of formation of an LLC must include the address of the LLC's principal office. But just because a certificate of formation must list a principal address does not mean the LLC resides at that address for venue purposes.

PVJR also analogizes an LLC to a partnership, noting a statement in *Koh v. Inno-Pacific Holdings, Ltd.*, that the Washington Limited Liability Act was indirectly based on the Uniform Partnership Act, chapter 25.05 RCW. 114 Wn. App. 268, 271, 54 P.3d 1270 (2002). PVJR claims that venue for a partnership is where a partner resides or the partnership's principal place

---

[3] Initially, the County argues that PVJR waived its objection to improper venue by filing its own action in Clark County and affirmatively alleging that venue was proper there. Because we affirm on the merits, we do not address this issue.

No. 53799-1-II

of business. But no Washington case has held that venue for a partnership is its principal place of business.

The County claims that an LLC resides where it transacts business. To support this position, the County relies on RCW 4.12.025(1), the general venue statute providing that an action may be brought in any county where the defendant resides. RCW 4.12.025(1) establishes where a *corporation* resides for purposes of that statute: "For the purpose of this section, the residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business." The County argues that an LLC is most similar to a corporation, and therefore we should apply RCW 4.12.025(1) by analogy to conclude that an LLC resides in the county where it transacts business.

However, RCW 4.12.025(1) expressly states that the definition of corporate residence is only for purposes of that section. Therefore, that definition does not directly apply to RCW 36.01.050(1), even for determining venue for an action against a corporation. And the County cites no Washington authority that specifically supports its contention that an LLC resides in any county where it transacts business.

2. Statutory Interpretation

Addressing the parties' arguments requires us to interpret RCW 36.01.050(1). Interpreting a statute is a question of law that we review de novo. *Wright v. Lyft, Inc.,* 189 Wn.2d 718, 722, 406 P.3d 1149 (2017). The primary goal of statutory interpretation is to determine and give effect to the legislature's intent. *Id.* This intent is evidenced by the language of the statutory provision, the context of the statute, and related statutes. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014).

RCW 36.01.050(1) does not define the term "resides." We give undefined words in statutes their plain and ordinary meaning. *Seattle Hous. Auth. v. City of Seattle*, 3 Wn. App. 2d 532, 538, 416 P.3d 1280 (2018). We may consult the dictionary to determine a term's plain meaning. *Id*.

If the term is susceptible to two reasonable meanings it is ambiguous. *Jametsky*, 179 Wn.2d at 762. We resolve ambiguities by considering other indications of legislative intent, including principles of statutory construction, the legislative history of the statute, and relevant case law. *Id.* "Where two interpretations of statutory language are equally reasonable, our canons of construction direct us to adopt 'the interpretation which better advances the overall legislative purpose.' " *Wright,* 189 Wn.2d at 729 (quoting *Weyerhaeuser Co. v. Dep't of Ecology,* 86 Wn.2d 310, 321, 545 P.2d 5 (1976)).

3. Analysis

a. Ambiguous Term

Arguably, the term "resides" may have a plain meaning when referring to an individual: where the individual lives. However, the meaning is not clear when referring to an entity that is not an individual like an LLC because an LLC does not "live" anywhere. And the dictionary definition of "resides" is not helpful because that definition addresses where an individual resides, not where an entity like an LLC resides. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1931 (2002).

The term "resides" in RCW 36.01.050(1) is ambiguous as applied to LLCs because it is subject to two reasonable interpretations: the location of the LLC's principal place of business – as PVJR contends – or the place of business plus anywhere the LLC transacts business – as the County contends.

b. Legislative History

The legislative history of RCW 36.01.050(1) is not helpful. The clause at issue here allowing a county to file an action in the county where the defendant resides essentially has remained unchanged since its adoption in 1854. *See* LAWS OF 1854, §6, at 329. There is no 1854 legislative history regarding the adoption of this section.

PVJR notes that before the enactment of RCW 4.12.025(1), a corporation resided for venue purposes at its principal office or place of business. *First Nat'l Bank of Everett v. Wilcox N. Coast Dry Kiln Co.*, 72 Wash. 473, 477, 130 P. 756 (1913). PVJR suggests that as a result, in 1854 the territorial legislature must have intended that a corporation resided in the principal place of business for purposes of the predecessor to RCW 36.01.050(1). However, we decline to speculate regarding the intent of the 1854 territorial legislature regarding the residence of a corporation or of a type of business organization – like an LLC – that had not yet been invented.

c. Relevant Case Law

As noted above, no Washington court has addressed where an LLC (or a corporation) resides for purposes of RCW 36.01.050(1). In *King County v. Frank Coluccio Construction Company*, the court held that venue of the County's lawsuit was proper in King County because the defendant resided in King County. 3 Wn. App. 2d 504, 517, 416 P.3d 756 (2018). However, in that case the defendant both had its home office and transacted business in King County. *Id.* at 512.

The County cites a few cases from other jurisdictions and a federal secondary source. However, these cases primarily involve federal venue law and we do not find them particularly persuasive. The County cites one state law case addressing venue of an LLC under a rule stating that a corporation may be sued where it is doing business. *Crepy v. Reckitt Benckiser, LLC*, 448

8

N.J. Super. 419, 427-29, 153 A.3d 968 (2016). The court held that "an LLC may be sued, like the analogous corporate entity, wherever it actually does business." *Id.* at 429. This case indicates that corporations and LLCs should be treated the same for venue purposes, but obviously does not address the term "resides" in RCW 36.01.050(1).

        d.    Statutory Construction

There are legitimate reasons why the positions of each party could be adopted. From the perspective of a defendant being sued by a county, a defendant may prefer not to litigate in what literally is the county's home court. From the perspective of a county, an entity that transacts business in the county should be subject to suit in that county regarding a dispute involving that business.

Faced with two reasonable proposed constructions of RCW 36.01.050(1), we ultimately must choose the construction that reflects the plain and ordinary meaning of "resides" and the one that we believe is most reasonable. We conclude that where an LLC "resides" for purposes of RCW 36.01.050(1) includes where the LLC transacts business. We can articulate at least three reasons supporting this conclusion.

First, if the legislature had intended to completely eliminate a county's "home court advantage," RCW 36.01.050(1) would not have allowed the county to file suit where the defendant resides as an option. That same advantage would apply if an LLC's principal place of business was in that county.

Second, we see no reason to distinguish between where an LLC has its principal place of business and where an LLC transacts business. It is unclear why it would be fair for a county to sue an LLC in its own county where an LLC has its principal place of business in that county but not when the LLC transacts business in that county.

Third, an LLC that transacts business in a county should expect and understand that it might be sued in that county, particularly when the lawsuit involves those same business activities. An LLC that does business in a county has a tangible presence in that county and therefore should be subject to that county's courts.

Here, it is undisputed that PVJR transacted business in Clark County. PVJR operated a short line railroad within Clark County pursuant to a long-term lease of property in Clark County. Therefore, PVJR resides in Clark County and RCW 36.01.050(1) allowed the County to file suit against PVJR there.

We hold that the trial court did not err in denying PVJR's motion to change venue.

CONCLUSION

We affirm the superior court's order denying PVJR's motion to change venue based on RCW 36.01.050(1).

_____
MAXA, J.

We concur:

_____
SUTTON, A.C.J.

_____
GLASGOW, J.