IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARIA DIAZ AND LUIS GARCIA, AS GUARDIANS FOR JASMINE GARCIA,<br><br>     Appellants,<br><br>  v.<br><br>EMERGENCY MEDICINE PROFESSIONAL ASSURANCE COMPANY RISK RETENTION GROUP; EMPAC MANAGERS, LLC; EMPAC MANAGERS, INC.; ESIS, INC; ARTHUR DISKIN; DARYL B. WILLIAMS; EMA, aka EMERGENCY MEDICINE ASSOCIATES, PC; Dr. JESSE A. HOSTETTER KROPF; J. DOES,<br><br>     Respondents. | No. 87027-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Jasmine Garcia is legally incapacitated. On her behalf, her appointed guardians sued Emergency Medicine Associates, PC (EMA), Dr. Jesse A. Hostetter Kropf, and others for medical malpractice in Clark County. EMA, Kropf, and Garcia[1] entered a covenant judgment settlement. As part of the settlement, Kropf and EMA assigned all claims against their insurer to Garcia, who agreed to not execute the judgment against Kropf and EMA beyond their insurance assets and/or other assigned or collectible insurance. The insurer for Kropf and EMA intervened. Clark County

---

[1] We collectively refer to Jasmine Garcia and her appointed guardians as "Garcia."

Superior Court continued the reasonableness hearing to allow the insurer to complete discovery. While litigation was pending in Clark County, the insurer initiated actions against Garcia in Michigan to compel arbitration. Clark County Superior Court granted Garcia's move to nonsuit and voluntarily dismissed the action without prejudice. In their motion, Garcia asserted that any assigned or collateral action may be conducted and enforced in a separate and subsequent insurance "bad faith" action.

Garcia then filed this complaint in King County Superior Court against Kropf's and EMA's insurer, Emergency Medicine Professional Assurance Company Risk Retention Group (EMPAC RRG), as well as others involved in the management and administration of Garcia's medical malpractice claims.[2] The trial court granted Garcia's motion for temporary relief prohibiting defendants from pursuing arbitration or related action until after the court issues an order on the parties' motions, including Garcia's motion for partial summary judgment regarding the validity, enforceability, applicability, and waiver of the alleged arbitration agreement. Garcia also moved for an antisuit injunction. The insurer-related defendants filed CR 12(b)(6) motions to dismiss.

The court issued written orders transferring the action to Clark County as the "proper forum." The court denied Garcia's motion for partial summary judgment without prejudice because "King County is the improper forum." The court also denied Garcia's motion for antisuit injunction without prejudice because the matter is transferred to Clark County. A commissioner of this court granted discretionary review as to the orders transferring the matter to Clark County. We reverse and remand.

---

[2] Kropf and EMA also are listed as defendants in the complaint but identified only as being the insured who did not waive any claims against arising out of the handling of the claims or defense against them, and who did not waive its right to a civil action to resolve disputes. This complaint did not allege medical malpractice against Kropf or EMA.

FACTS

Garcia, through appointed guardians Maria Diaz and Luis Garcia, entered into a covenant judgment settlement in September 2023 with Kropf and EMA regarding Garcia's medical malpractice claims filed in Clark County Superior Court. After insurer EMPAC PRG intervened, Garcia and the insurer were in litigation related to a reasonableness hearing[3] when the insurer separately initiated action against Garcia in Michigan to compel arbitration.[4] Later that month, Clark County Superior Court granted Garcia's motion for nonsuit and voluntary dismissal of their action without prejudice.

Garcia then filed a complaint against the insurer and those who managed and administered the medical malpractice claims against Kropf and EMA: EMPAC Managers, LLC, EMPAC Managers, Inc., Arthur Diskin, Daryl B. Williams (collectively "EMPAC Managers"); ESIS, Inc.; and EMPAC RRG. Garcia sought damages against the insurers and insurance claim handlers for bad faith, violations of the Consumer Protection Act, and violations of the Insurance Fair Conduct Act, in their acts and omissions in connection with Garcia's assertion of medical negligence claims against the insured healthcare providers. Garcia also sought declaratory relief and filed a motion for an antisuit injunction. Though Kropf and EMA were listed as defendants in the complaint by identifying them as the insured, they were not subject to any medical malpractice claims in this King County suit.

---

[3] RCW 4.22.060 provides the effect of settlement agreements and states, in relevant part, that "[a] hearing shall be held on the issue of the reasonableness of the amount to be paid with all parties afforded an opportunity to present evidence. A determination by the court that the amount to be paid is reasonable must be secured." This statute applies in the insurance context when evaluating covenant judgments. Besel v. Viking Ins. Co. of Wisconsin, 146 Wn.2d 730, 738-39, 49 P.3d 887 (2002).

[4] EMPAC PRG filed a complaint in a Michigan state court against Garcia to compel arbitration and initiated in Michigan a demand for arbitration.

Defendants[5] each filed CR 12(b)(6) motions to dismiss. Relevant to this appeal, at the end of each of those motions, defendants argued that Garcia's "cause of action against EMA and Dr. Kropf arose in Clark County, and this Court should decline to entertain jurisdiction over those claims against EMA and Dr. Kropf in favor of Clark County." (Emphasis added.) Defendants did not argue that King County was an improper venue for the claims Garcia brought against defendants. Instead, they argued that because they demanded arbitration in Michigan before Garcia filed this action in King County, claims against the defendants must be arbitrated in Michigan. It is within the context of these arguments that defendants characterized King County as "not the proper forum."

Garcia opposed the motions to dismiss, arguing that respondents state that venue is "improper" in King County but do not cite or rely on CR 12(b)(3) to request a venue transfer or rely on any discretionary venue statutes.

The trial court granted each of respondent's motions to dismiss "in part" "solely as to improper forum." The court reasoned in its written orders that "[d]ismissal is not warranted here for improper venue as a transfer will suffice. Clark County is the proper forum for this matter." The court only cited RCW 4.12.090(1), which states that a clerk of the court shall transfer venue when the court orders.

Garcia sought discretionary review. Kropf and EMA joined in Garcia's motion for discretionary review. EMPAC RRG filed an answer opposing review, which ESIS and EMPAC Managers joined. A commissioner of this court, under the obvious error

---

[5] Hereafter, "defendants" refers to EMPAC RRG, EMPAC Managers, and ESIS, Inc.

standard in RAP 2.3(b)(1), granted discretionary review only as to the orders transferring the matter to Clark County.[6]

DISCUSSION

Garcia argues that venue is proper in King County under RCW 4.12.020(3) and RCW 4.12.025(3) and the trial court erred because it transferred venue as a matter of right under RCW 4.12.030(1). Defendants argue that the trial court, in its discretion, transferred venue from King County to Clark County under RCW 4.12.030(3).

RCW 4.12.030 provides, in relevant part, that a court "may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof:"

> (1) That the county designated in the complaint is not the proper county; or,
> (2) That there is reason to believe that an impartial trial cannot be had therein; or,
> (3) That the convenience of witnesses or the ends of justice would be forwarded by the change….

When venue is transferred as a matter of right under RCW 4.12.030(1), the court reviews the transfer de novo as a matter of law because it is not discretionary. Ralph v. Weyerhaeuser Co., 187 Wn.2d 326, 338, 386 P.3d 721 (2016). However, when a court exercises its discretion to transfer venue, such as under RCW 4.12.030(3), the standard of review is abuse of discretion. Hickey v. City of Bellingham, 90 Wn. App. 711, 719, 953 P.2d 822 (1998). Because the parties dispute which statute the court transferred

---

[6] The commissioner referred to this panel the guardian's request for discretionary review of the trial court's denial of Garcia's partial summary judgment motion and denial of her motion for antisuit injunction. Observing that the trial court's denials of these motions were without prejudice, based on the change of venue, and not the merits of the motion, we denied the request. RAP 2.3(b)(1).

venue under, we first examine that question to determine the applicable standard of review.

"Venue is governed primarily by statute." Ralph, 187 Wn.2d at 338. Generally, the plaintiff has the initial choice of venue; however, that venue must be statutorily authorized. Id. See also Pac. Lutheran Univ. v. Certain Underwriters at Lloyd's London, 2 Wn.3d 628, 636, 541 P.3d 358 (2024) (noting that under the forum non conveniens doctrine, "the plaintiff's choice of forum should rarely be disturbed.") "To determine venue, the court assumes the allegations in the complaint are true." Eubanks v. Brown, 180 Wn.2d 590, 596, 327 P.3d 635 (2014).

When interpreting venue statutes, our state Supreme Court applies mandatory statutes over permissive, and specific statutes over general. Ralph, 187 Wn.2d at 338. However, if two venue statutes are equally applicable, they are "complementary," meaning the plaintiff has the option of which statute to proceed under. Id.

In the instant case, the trial court's orders on respondents' motions to dismiss were granted in part "solely as to improper forum." Additionally, all orders stated that "[d]ismissal is not warranted here for improper venue as a transfer will suffice. Clark County is the proper forum for this matter." (Emphasis added.) Based on the plain language of the court's orders, we conclude that the trial court improperly transferred venue as a matter of right to Clark County.

The trial court's orders specifically state that "Clark County is the proper forum" (emphasis added), which comes from the language in RCW 4.12.030(1) ("That the county designated in the complaint is not the proper county.") Additionally, the parties

6

agree that King County is a permissible venue because one or more defendants reside there, as alleged in the complaint.

To argue that venue was transferred in the court's discretion, defendants allege that they argued to the trial court that Clark County is the proper county based on witness convenience and in the interest of justice under RCW 4.12.030(3). For support, defendants cite their CR 12(b)(6) motions, where they argued that Garcia's complaint should be dismissed because King County is an "improper forum." Defendants do not cite the statutory authority for venue transfer based on witness convenience or in the interest of justice in their motions to dismiss, and the court did not cite the statute its order. Instead, defendants cited RCW 4.12.020(3) allowing the plaintiff in a personal injury action to <u>choose</u> whether to sue in the county where the action arose or where the defendant resides. Additionally, respondents make no substantive argument as to witness convenience or justice interests.

Defendants also argue that the "improper forum" language in the court's orders were only matching the respondents' motions, which stated that King County was not a proper forum and defendants were seeking a discretionary transfer under forum non conveniens grounds. Forum non conveniens is a common law doctrine that allows courts to discretionarily decline its jurisdiction "when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum." <u>Sales v. Weyerhaeuser Co.</u>, 163 Wn.2d 14, 20, 177 P.3d 1122 (2008). As with defendants' argument under RCW 4.12.030(3), they make no substantive argument as to party convenience or justice interests.

The trial court's orders cite no venue statutes beyond RCW 4.12.090(1), which directs the court clerk to transfer an action or proceeding to a different venue upon court order. Defendants argue that the court's ruling was discretionary because the court's order stated that the first lawsuit between the parties and a guardianship appointment suit was filed in Clark County. However, while the record establishes that the court listed these facts in its outline of the case, it made no connection between the prior suits in Clark County and witness convenience or justice interests. The trial court only includes a conclusory statement that Clark County is the proper forum. Altogether, the court's orders support that the venue transfer was granted as a matter of right to Clark County under RCW 4.12.030(1). Therefore, we review the change in venue de novo. Ralph, 187 Wn.2d at 338.

Defendants concede that "King County is a permissible venue for the Garcias' action." RCW 4.12.020(3) provides:

> For the recovery of damages for injuries to the person or for injury to personal property, the plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

RCW 4.12.025(1) provides:

> An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this section, the residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business; (b) has an office for the transaction of business; (c) transacted business at the time the cause of action arose; or (d) where any person resides upon whom process may be served upon the corporation.

Defendants acknowledge that Garcia "alleged that one or more defendants did business [in King County], satisfying RCW 4.12.020(3) and RCW 4.12.025(1).… So a mandatory

transfer under RCW 4.12.030(1) would be inappropriate." Additionally, RCW 4.12.025(3) provides:

> The venue of any action brought against a corporation, at the option of the plaintiff, shall be: (a) In the county where the tort was committed; (b) in the county where the work was performed for said corporation; (c) in the county where the agreement entered into with the corporation was made; or (d) in the county where the corporation has its residence.

Defendants' argument that the trial court was simply exercising its discretion to transfer change venue is not persuasive. Other than arguing that the trial court acted within its discretion, defendants' argument to the trial court below rang hollow. Notably, defendants argued below that "cause of action against EMA and Dr. Kropf arose in Clark County, and this Court should decline to entertain jurisdiction over <u>those claims against EMA and Dr. Kropf</u> in favor of Clark County." (Emphasis added.) But EMA and Kropf had already entered into a covenant judgment settlement. What remained were "bad faith" claims that EMA and Kropf had assigned to Garcia against the defendants. These claims were not part of the Clark County complaint against healthcare providers. Moreover, EMA and Kropf, who did not request a change of venue, support Garcia pursuing their claims in King County.

We reverse the trial court's order transferring the matter to Clark County and remand for further proceedings.

_____ Coburn, J.

WE CONCUR:

_____ Chung, J.

_____

9